110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David RIGGINS, Petitioner-Appellant,
v.
Melody TURNER, Warden, Defendant-Appellee.
 No. 95-4027.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 David Riggins, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Riggins was indicted on one count of rape in June, 1986, convicted by a jury in the Clark County Common Pleas Court, and sentenced to 10-25 years imprisonment on December 5, 1986. On June 18, 1987, the Court of Appeals affirmed the conviction and sentence. Riggins took no appeal to the Ohio Supreme Court. A petition for post-conviction relief under Ohio Rev.Code § 2953.21, filed five years later, was denied. Riggins appealed but then voluntarily dismissed the appeal.
 
 
 3
 On February 18, 1994, Riggins filed an Application for Reopening of Direct Appeal Pursuant to Ohio Rules of Appellate Procedure 26(b). The application was denied on March 17, 1994, as untimely. Riggins appealed from this decision to the Ohio Supreme Court which affirmed the decision.
 
 
 4
 Thereafter, Riggins filed the instant petition for a writ of habeas corpus arguing that his counsel on direct appeal was ineffective in four respects: 1) by failing to argue that trial counsel, a different attorney, was ineffective in failing to object to the admissibility of serological testimony; 2) by failing to argue that trial counsel was ineffective in failing to request alibi and eyewitness identification jury instructions; 3) by failing to argue that trial counsel was ineffective in failing to file a motion to suppress statements given by Riggins without him being given standard Miranda warnings; and 4) by filing a purported Anders v. California, 386 U.S. 738 (1967) brief which did not comply with the requirements of Anders.
 
 
 5
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied because Riggins procedurally defaulted in presenting these claims to the Ohio courts. The magistrate judge issued a supplemental report and recommendation after the district court recommitted the case upon the filing of Riggins's objections. Upon de novo review, the district court adopted the report and recommendation, except that portion of the supplemental report and recommendation which set forth the magistrate judge's recollection of the intent of the Ohio Supreme Court's Rules Advisory Committee, with respect to revised Ohio R.App.P. 26(B). This appeal followed.
 
 
 6
 Upon review, we conclude that the petition for a writ of habeas corpus was properly dismissed because Riggins has not shown that the proceedings against him were fundamentally unfair or resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 7
 Review of Riggins's ineffective assistance of appellate counsel claim is precluded due to his procedural default. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). If a habeas petitioner can no longer present his claim to a state court because of a procedural default, he has waived the issue for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. Murray, 477 U.S. at 485. Such a default occurs when, as alleged in the instant case, the prisoner files an untimely application to reopen an appeal. In Ohio, a motion for reopening must be filed within ninety days of journalization of the judgment sought to be reopened. See Ohio R.App.P. 26(B)(1). Riggins failed to comply with the state procedural rule as he filed his motion almost seven years after the judgment was journalized.
 
 
 8
 Riggins failed to show cause for his default. Riggins argued that the ineffective assistance of counsel of which he complained is the cause for his procedural default. Attorney error amounting to ineffective assistance of counsel does constitute cause within the cause and prejudice doctrine. See Murray, 477 U.S. at 488. However, attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, e.g., a discretionary appeal or state post-conviction proceeding. See Coleman v. Thompson, 501 U.S. 722, 751-53 (1991). The right to appointed counsel extends to the first appeal of right and no further. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The procedural default held against Riggins by the Clark County Court of Appeals was his untimeliness in filing his application for reopening; however, he was not entitled to appointed counsel for the reopening process. Therefore, ineffective assistance of counsel cannot excuse the procedural default.
 
 
 9
 Finally, there is no indication that this is an extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 496.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.